CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 19 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL R. SHUCK, II, ) | |
|     Petitioner, ) | Civil Action No. 7:05-CV-00214 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN BLEDSOE, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Petitioner Michael R. Shuck, II, a federal inmate proceeding pro se, brought an action for preliminary injunctive relief, pursuant to 28 U.S.C. § 2241. In his petition, Shuck alleges that he was given an incident report in retaliation for filing grievances, and that he lost Good Conduct Time (GCT) and was placed in the Special Housing Unit (SHU) at the United States Penitentiary in Lee County (USP Lee), where he is currently incarcerated. Shuck requests preliminary injunctive relief removing him from the SHU, expunging the incident report, and allowing him access to the grievance process. The respondent has filed a motion to dismiss, to which Shuck has replied, making this matter ripe for the court's consideration. After a careful review of the petition, the court finds that the motion to dismiss must be granted.

## I. Procedural History

On March 1, 2005, Shuck mailed a petition for a writ of habeas corpus to this court, complaining about due process violations from previous incident reports, Civil Action #7:05-CV-00167. The court received the petition on March 3, 2005. On March 10, 2005, correctional officers (C/O) wrote an incident report against Shuck for inciting or engaging in a demonstration in which several inmates complained about the food and threw garbage onto the tier. Shuck was placed in the SHU some time between March 10 and March 13, 2005.

On March 13, 2005, Shuck signed and mailed the instant petition for preliminary injunctive relief. On March 16, 2005, the Unit Disciplinary Committee (UDC) held a hearing and Shuck waived his right to attend or present evidence. The UDC recommended a loss of thirty days of GCT. Shuck was notified of a hearing before the Disciplinary Hearing Officer (DHO) to be held approximately a month later. On March 24, 2005, this court denied the majority of Shuck's claims in Civil Action #7:05-CV-00167 and served the remaining claim on the respondents. On March 28, 2005, the petition was served on Warden Bledsoe. On April 15, 2005, Shuck attended the DHO hearing and was found guilty of the offense. On May 19, 2005, Shuck was released from the SHU.

## II. Anlysis

Shuck's petition conforms to 28 U.S.C. § 2242, which outlines the requirements for a petition for a writ of habeas corpus. In addition, Shuck meets the requirements of 28 U.S.C. § 2241(a) because he was in federal custody in the Western District of Virginia at the time of the petition, and remains in custody to this day. However, it does not appear that Shuck has exhausted all of his administrative remedies.

The Court of Appeals for the Fourth Circuit has announced a four-part test in determining if injunctive relief is warranted. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977). The court must determine:

> (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal?
> (2) Has the petitioner shown that without such relief it will be irreparably injured?
> (3) Would the issuance of a stay substantially harm other parties interested in the proceeding?
> (4) Where lies the public interest?

Id. at 193.

In claim 1, Shuck alleges that he was placed in the SHU in retaliation for filing a habeas corpus suit in this court, which named the C/Os who filed the incident report against him. Shuck further alleges that the conditions in the SHU violate the Eighth Amendment to the United States Constitution. However, all parties agree that this issue is moot as Shuck was released from the SHU on May 19, 2005. See Powell v. McCormack, 395 U.S. 486, 495-96 (1996) (find as moot a claim in which the relief sought had already been obtained).

In claim 2, Shuck alleges that he was denied access to the grievance process. Specifically, Shuck alleges that he was denied grievance forms. However, inmates do not have a federal right to participate in grievance procedures. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Therefore, Shuck has not stated a claim based on the denial of a right under the laws or constitution of the United States.

In claim 3, Shuck alleges that the incident report for engaging in or inciting a group demonstration was retaliatory. Shuck alleges that C/Os retaliated against Shuck because Shuck filed a habeas corpus petition in this court a mere nine days prior to the incident. However, as stated previously, this court did not file Shuck's original petition until two weeks after the incident in question. In addition, the respondent did not receive notification of the petition until March 28, 2005, eighteen days after the incident report. Shuck does not explain why C/Os retaliated against Shuck for filing a petition they had no reason to know of until weeks after the incident report.

The first prong of the Blackwelder test weighs against issuance of Shuck's requested relief. Shuck has not shown that he is likely to succeed on the merits of his claim. Inmates have

3

a right to be free of arbitrary punishment. See Howard v. Smyth, 365 F.2d 428 (4th Cir.1966). However, their constitutional protections are limited. In certain circumstances, such as when an inmate is faced with loss of statutory good-time credits or solitary confinement, some protections may be available. Those protections include advanced, written notice of the charges, written findings, and a right to call witnesses. Wolff v. McDonald, 418 U.S. 539 (1974). In addition, there must be "some evidence" to support the disciplinary board's conclusions. Superintendent v. Hill, 472 U.S. 445 (1985).

Shuck complains that he was not present at his UDC hearing, that he was not provided with a copy of the security tape showing the incident, and that the DHO was biased due to being named in Shuck's prior habeas petition. Shuck admits that he waived his right to appear before the UDC. Shuck is not entitled, under Wolff, to a copy of the video tape, merely to call witnesses on his behalf, something that Shuck admits he was allowed to do by the DHO. Shuck claims that the DHO was biased because she was named as a defendant in Shuck's prior case. However, DHO Crum was not the respondent in Shuck's prior case, and Shuck has presented no evidence to suggest that Crum was biased, other than that she ruled against Shuck.

Shuck also claims that the weight of the evidence showed that he did not commit the crime for which he was charged. Shuck alleges that the testimony of his roommate, captured in an affidavit, and the C/O were in direct conflict and that the missing video tape would have shifted the balance in Shuck's favor. However, the testimony of Shuck's roommate shows that Shuck threw garbage out into the tier and that other inmates did the same. This testimony suggests that Shuck did engage in or incite a mass demonstration. Between this testimony and that of the C/O, "some evidence" was present showing that Shuck was guilty of violating the rule

4

for which Shuck was charged.

Likewise, the second, third, and fourth prongs of the <u>Blackwelder</u> test do not weigh in favor of granting Shuck's requested relief. Shuck has not shown the possibility of irreparable harm if the incident report is not expunged as Shuck has not shown that the incident report violated federal laws or the United States Constitution. Granting the requested relief would bypass the scheme put in place by Congress and the internal processes put in place by the Board of Prisons. The public interest would not be advanced by a federal court striking down a disciplinary conviction that does not appear to violate federal laws or the United States Constitution.

### III. Conclusion

Shuck's claims fail to allege violations of the law or constitution of the United States. Therefore, this court grants the respondent's motion to dismiss. An appropriate order will be entered this day.

ENTER: This 18th day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE